EDWARD F. MADDEN v. THE STATE OF KANSAS.

1. ANSWER, *Construed; Unnecessary Reply.* In an action upon a forfeited recognizance the defendant, by a verified answer, averred that he signed the instrument when it was yet incomplete and what is commonly known as a blank recognizance, the blank spaces left therein for the name of the county, the offense charged, the amount in which the prisoner was held, and the court before which he was required to appear, being left unfilled; and that he attached his name to it upon the condition that another person should join him in signing the recognizance, and when so signed, the blanks should be filled out by the co-surety and the instrument delivered; and that unless it was so executed he was not to become liable thereon.   He also alleged that the recognizance was not signed or completed by the other party, and therefore that he was not liable thereon.   *Held,* That this answer was in substance and effect a denial that the recognizance sued on

had been executed by him, and a verified reply by the plaintiff deny-
ing the allegations of the answer was unnecessary.

2. RECOGNIZANCE—*Surety, Liable.* A surety is liable on a forfeited re-
cognizance, although it was signed by him when it was incomplete,
where the blanks are afterward filled up and the instrument com-
pleted and delivered in his presence and under his direction.

3. ———— *Competent Evidence.* Where a surety claims and testifies
that he signed the recognizance only upon the condition that another
should join him as co-surety, proof that he was led to sign it by other
considerations, such as indemnity furnished or property turned over
to him by the prisoner, is not incompetent.

4. ———— *Default of Principal; Inadmissible Evidence.* Proof cannot
be offered by the surety that the default of the principal was excused
unless the acts relied on to excuse the default, and which rendered the
performance of the condition of the recognizance impossible, have
been pleaded by such surety.

### *Error from Ellis District Court.*

ACTION upon a forfeited recognizance. Judgment for *The
State,* at the November Term, 1884. The defendant *Madden*
brings the case here. The opinion states the facts.

*David Rathbone,* for plaintiff in error.

*E. L. Rooks,* county attorney, and *D. C. Nellis,* for defend-
ant in error.

The opinion of the court was delivered by

JOHNSTON, J.: An information charging Orson Buno with the
offense of grand larceny was filed in the district court of Ellis
county, and he was required to enter into a recognizance in the
sum of $1,000 for his appearance at the following term of that
court. He executed a recognizance, with Edward F. Madden
as surety, which was accepted, and he was released from cus-
tody. Failing to appear at the next term, the court adjudged
the recognizance to be forfeited, and thereupon the county
attorney brought this action against the surety, Edward F.
Madden. The cause was tried with a jury, and verdict and
judgment were given in favor of the state for the amount named
in the recognizance.

Objections are made that the verdict and findings of the

jury are not sustained by sufficient evidence, and also to the rulings of the court on the admission of testimony. It is first contended that certain allegations in Madden's answer should have been taken as admitted, because the reply of the state to such answer was not properly verified. The petition contained the requisite allegations for a recovery upon a forfeited recognizance. In his answer Madden admitted signing the recognizance, but alleged that it was then incomplete, and what is commonly known as a blank recognizance; that the blank spaces left therein for the name of the county, the offense charged, the amount in which he was held, and the court before which he was required to appear, were at that time unfilled; and that he signed it upon the condition that John Duncan or his wife should join him in the execution of the recognizance, and when so executed, that Duncan should fill up the blanks in the recognizance, and that he was not to become liable thereon unless it was so signed and executed. He alleges that the recognizance was not signed by Duncan or his wife, nor were the blanks filled up by Duncan, and therefore that he never executed or delivered the bond upon which he was sued. In reply, the county attorney filed a general denial signed by himself and verified by Charles Miller, who swears that he has read the reply, and that the allegations thereof are true. It is claimed that this is not in conformity with the requirement of the code, as it is not stated therein that the affiant Miller had knowledge of the facts sworn to by him, nor does it state that he is the agent or attorney of the plaintiff, nor any other fact conferring authority upon him to verify the reply. It is unnecessary to consider or determine whether the verification as made was sufficient, for the reason that a verified reply was wholly unnecessary. The new matter alleged in the defendant's answer did not fall within the provisions of § 108 of the

1. Answer, construed; unnecessary reply.

code. It is in substance and effect a denial that the bond sued on had been executed by him, and the plaintiff was not seeking a recovery upon any other. The defendant did not ask for any affirmative relief upon the instrument which he claims

· to have signed, and his averments respecting it only put in issue the execution of the recognizance upon which the action was brought.

Upon the sufficiency of the testimony there can be little question. It is true that Madden testified that he was not to become liable on the recognizance unless the blanks therein were filled out by John Duncan, and the recognizance signed by either Duncan or his wife. But on the other side, there is the evidence given by the sheriff, strongly corroborated by the testimony of other witnesses, that no such conditions were imposed or mentioned. They state that the recognizance was signed but not completed at the court house in the presence of the sheriff and prisoner, from which place they soon afterward went to the store of a Mr. Gates, who transferred to Madden a considerable sum of money belonging to the prisoner, to indemnify him on the liability which he assumed in signing the recognizance, and that after he had been so indemnified he directed the sheriff to fill up the blanks and complete the execution of the recognizance. The justification was then written thereon and signed by Madden, and when the recognizance was thus completed, the sheriff accepted it and released the prisoner. This testimony was sufficient to warrant the jury in finding that the recognizance was executed by the surety prior to its delivery to the sheriff and the release of the prisoner, and sufficient to authorize a recovery thereon.

2. Recognizance; surety, liable.

Objection is next made to the testimony that indemnity was given by the prisoner to the defendant for becoming his surety. Ordinarily, testimony that indemnity was given to the surety is immaterial in an action against him upon a forfeited recognizance. In this case, however, it was not improper. In his testimony Madden stated that he signed the recognizance only upon the condition that Duncan or his wife should join him as a co-surety. The testimony objected to tended to contradict this statement, and to show that no such conditions were mentioned; but rather that the inducement which led to the signing of the recognizance was the

3. Competent evidence.

transfer and delivery by the prisoner to him of forty-one head of cattle, county scrip to the value of $175, and $500 in cash. For this purpose we think the testimony was competent.

It is finally urged that the court erred in not allowing an answer to the following question: "Now what, if you know, kept Buno away from here?" It is said that the answer might have disclosed the fact that he had a sufficient legal excuse for his absence; but as the issues were made up, the testimony was not competent. If the performance of the condition of the recognizance was rendered impossible by the act of God, such as sickness or death, or by the act of the state, it would have afforded a complete defense. Before this defense can be availed of, however, it must be pleaded. The answer alleged no such defense, nor was there any application to set it up by an amendment. In the absence of any allegation that would excuse the default, the evidence offered was not admissible.

**4. Default of principal; inadmissible evidence.**

We see no error in the record, and will therefore affirm the judgment.

All the Justices concurring.